IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MCOM IP, LLC, )<br>      Plaintiff, )<br> ) | Civil Action No.  3:21-cv-02215 |
| v. )<br> ) | |
| NAUTILUS HYOSUNG AMERICAS, )<br>INC. D/B/A HYOSUNG AMERICAS )<br>      Defendant. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS**

mCom IP, LLC ("mCom") files this Surreply in opposition to Defendant Nautilus Hyosung Americas, Inc.'s ("Nautilus") (referred to as "Defendant") Motion to Dismiss[1] ("Defendant's Motion") addressing the points raised in Defendant's Reply.[2]

### I.     INTRODUCTION

Defendant's Reply fails to address or refute any of the points raised in Plaintiff's Response. Rather, Defendant repeatedly makes the same argument that Plaintiff does not disclose the technological solution.[3] However, Plaintiff loudly proclaims that the '508 patent provides that it solves the technological problem of unifying a financial institution's touch points for the delivery of a more personalized e-banking experience to customers:

> conventional e-banking touch points continue to exist today as stand-alone systems, providing customers and financial institutions alike with relatively few control and presentation options. These stand-alone systems are deficient in that they limit the ability of financial institutions to provide a **more personalized e-banking experience to customers**, while at the same time providing a more unified means for regulating their systems through a common set of control consoles, without incurring the substantial costs associated with the upgrading of such legacy systems. In light of the many advantages that may be achieved by implementing a

---

[1] Doc. No. 11.
[2] Doc. No. 28.
[3] Doc. No. 28 at 4, 5, 6.

1

> means for **unifying all of a financial institution's e-banking touch points into a common point of control, there is currently no system or method in place for doing so**.[4]

The '508 patent provides that the technological solution provides personalized financial services to customers and a common point of control for financial institutions that was no available prior to the invention.[5]

Moreover, the '508 patent teaches that the claims provide numerous benefits over the prior art, including, but not limited to, unifying all of a financial institution's e-banking touch points into a common point of control[6] with real-time targeted marketing content through a common multi-channel server coupled to one or more e-banking touch points and a computer system of a financial institution that allows for real-time customer interaction.[7] Defendant's Reply did not address any of these points. As these factual allegations must be taken as true at this stage,[8] Defendant's Motion should be denied.

After accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the patentee's favor, a court must determine whether there is clear and convincing evidence that the claim limitations are merely "well-understood, routine, [and] conventional activities previously known to the industry."[9] Here, as the complaint provides the claimed solution was not available and that thee is no record evidence to the contrary, Defendant's Motion must be denied.

---

[4] Doc. No. 1-1 at Column 1, lines 53-67 ("1:53-67") (emphasis added).
[5] Doc. No. 1-1, U.S. Pat. No. 8,862,508, at Abstract.
[6] Doc. No. 1-1 at 1:53-67 (emphasis added).
[7] Doc. No. 1-1 at Abstract and Claims, *generally*.
[8] *Slyce Acquisition v. Syte - Visual Conception*, No. W-19-CV-00257-ADA, 2020 U.S. Dist. LEXIS 9451, at *12 (W.D. Tex. Jan. 10, 2020) citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 100, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011) citing 35 U.S.C. § 282.
[9] *Slyce Acquisition v. Syte - Visual Conception*, No. W-19-CV-00257-ADA, 2020 U.S. Dist. LEXIS 9451, at *13 (W.D. Tex. Jan. 10, 2020) citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

II. **The Claims of the '508 Patent Provide a Technological Solution to a Problem in the Art.**

The '508 patent describes how financial institutions at the time, i.e., before the filing date of the patent, before November 14, 2005,[10] used stand alone systems that lacked connectivity.[11] The claims of the '508 patent provide a technological solution that was not then available, i.e., addressing the deficiencies of financial institution's e-banking stand-alone systems in providing a personalized e-banking experience to customers, while at the same time providing a more unified means for regulating their systems through a common set of control consoles, without incurring the substantial costs associated with the upgrading of such legacy systems. The claimed solution is a unified banking platform with real-time targeted marketing content through a common multi-channel server coupled to one or more e-banking touch points for real-time customer interaction and a computer system of a financial institution for real-time customer interaction.[12] Thus, the claims are directed to a technological solution and patent eligible.

III. **THE CLAIMS OF THE '508 PATENT ARE LIMITED TO ELECTRONIC BANKING**

The Claims of the '508 patent are limited to a solution to a specific problem arising in electronic banking and do not pre-empt the entire field of banking. Rather, th3e claims are directed to a unified banking platform with real-time targeted marketing content through a common multi-channel server coupled to one or more e-banking touch points for real-time customer interaction and a computer system of a financial institution for real-time customer interaction. As a unified banking platform did not exist at the time of the invention, the claimed improvements cannot be said to be conventional when viewing the claim as a whole. Stated another way, the claimed

---

[10] Doc. No. 1-1 at 1, Related U.S. Application Data.
[11] Doc. No. 1-1 at 1:53-67.
[12] Doc. No. 1-1 at Abstract and Claims, *generally*.

solution is appropriately tethered to electronic banking and therefore patentable.[13] The claimed invention of the '508 patent "overrides conventional practice."[14]

## IV. CONCLUSION AND PRAYER

Plaintiff mCom IP, LLC respectfully requests and prays that the Court deny, in its entirety, Defendant's Motion to Dismiss.[15]

Respectfully submitted,

**Ramey & Schwaller, LLP**

Texas State Bar No. 24027643
2633 Mckinney Ave Ste 130
Dallas, TX 75204-8630
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for mCom IP, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 31, 2022, with a copy of

---

[13] *Messaging Gateway Sols., LLC v. Amdocs, Inc.*, Civil Action No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408, at *15-16 (D. Del. Apr. 15, 2015).
[14] *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408, at *15 (D. Del. Apr. 15, 2015).
[15] Doc. No. 11.

the foregoing via e-mail.

/s/ William P. Ramey, III  
William P. Ramey, III